UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 08-CR-20057 |
| ) | |
| **PARNELL GULLEY,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on the Government's Motion in Limine as to Defendant's Prior Convictions Pursuant to Rule 609 (#15). Defendant, Parnell Gulley, has filed a Response to Motion in Limine (#16). This court has carefully reviewed the arguments presented by the parties. Following this careful and thorough review, the Government's Motion in Limine (#15) is GRANTED in part and DENIED in part.

### BACKGROUND

On November 18, 2008, Defendant was charged by indictment (#8) with one count of knowingly and intentionally distributing five or more grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Defendant has pleaded not guilty to the charge against him and is scheduled for a jury trial on October 4, 2010. A final pretrial conference is scheduled for September 17, 2010, at 8:30 a.m.

### IMPEACHMENT WITH PRIOR CONVICTIONS

On September 3, 2010, the Government filed a Motion in Limine as to Defendant's Prior Convictions Pursuant to Rule 609 (#15). The Government argued that, if Defendant testified at trial,

it should be allowed to impeach him with evidence of his two prior convictions. The Government stated that Defendant was convicted of possession of a controlled substance in Cook County, Illinois, on April 3, 2006, and was sentenced to a term of four years in the Illinois Department of Corrections. Defendant was also convicted of delivery of a controlled substance in Cook County, Illinois, on November 12, 2003, and sentenced to a term of four years in the Illinois Department of Corrections. The Government argued that, if Defendant testifies in this case, it will be for the sole purpose of giving an account of the events surrounding his arrest that contradicts the accounts of the Government's witnesses. The Government argued that Defendant's credibility would be central to the case so that impeachment should be allowed. The Government also argued that it should be allowed to inquire about the details of Defendant's convictions if Defendant attempts to minimize, mis-characterize or explain away those convictions during his testimony.

On September 15, 2010, Defendant filed his Response to Motion in Limine (#16). Defendant argued that this court has discretion regarding the admission of evidence of a prior conviction. Defendant argued that, in exercising its discretion, this court must weigh the prejudicial effect of the jury hearing about prior drug offenses in a current drug offense case. Defendant contended that, in order for him to receive a fair trial, this court "should find that the prejudicial effect of this information outweighs any probative value."

Rule 609(a)(1) provides that evidence that the accused has been convicted of a crime punishable by more than one year of imprisonment shall be admitted for impeachment purposes if the court determines that the "probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). In addition, under Rule 609(b), evidence of a conviction is not admissible for impeachment if a period of more than 10 years has elapsed since the

date of the conviction or of the release from confinement imposed for that conviction, whichever is the later date. See Fed. R. Evid. 609(b); United States v. Gant, 396 F.3d 906, 909 (7th Cir. 2005). The Seventh Circuit has articulated a five-part test to guide the district court in determining whether the probative value of a conviction outweighs its prejudicial effect. See Gant, 396 F.3d at 909. The court should consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." Gant, 396 F.3d at 909; quoting Rodriguez v. United States, 286 F.3d 972, 983 (7th Cir. 2002). If allowed, the Government can impeach the defendant with the crime charged, the date, and the disposition. United States v. Smith, 454 F.3d 707, 716 (7th Cir. 2006), citing Campbell v. Greer, 831 F.2d 700, 707 (7th Cir. 1987). However, where a defendant attempts to explain away the prior conviction by giving his own version of events, he has "opened the door" to impeachment by the prosecution on the details of the prior conviction. See United States v. White, 222 F.3d 363, 370 (7th Cir. 2000).

      In this case, both of Defendant's prior convictions are less than 10 years old and could be admitted for impeachment purposes under Rule 609(a). See United States v. Montgomery, 390 F.3d 1013, 1015-16 (7th Cir. 2004). Following consideration of the relevant factors, this court agrees with the Government that, because prior felony convictions have impeachment value as to the issue of Defendant's credibility, some evidence of his prior felony convictions should be allowed if Defendant testifies. This court concludes, however, that evidence of one of Defendant's felony convictions will be adequate for impeachment purposes. This court will allow the Government to present evidence regarding Defendant's most recent conviction for impeachment purposes. This

testimony will be limited to the crime charged, the date, and the disposition. This court will provide a limiting instruction to the jury that it should consider the evidence only in assessing Defendant's credibility. See Federal Criminal Jury Instructions of the Seventh Circuit, No. 3.05. Any additional evidence regarding this conviction will be allowed only if Defendant opens the door with testimony claiming lack of knowledge or experience with drug offenses.

IT IS THEREFORE ORDERED THAT:

(1) The Government's Motion in Limine as to Defendant's Prior Convictions Pursuant to Rule 609 (#15) is GRANTED in part and DENIED in part. The Government will be allowed to present evidence of only one of Defendant's prior convictions, his 2006 conviction, for impeachment purposes.

(2) This case remains scheduled for a jury trial on October 4, 2010, at 9:00 a.m. and for a final pretrial conference on September 17, 2010 at 8:30 a.m.

ENTERED this 16th day of September, 2010.

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE