UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 08-CR-20057 |
| ) | |
| **PARNELL GULLEY,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on the Motion in Limine (#23) filed by Defendant, Parnell Gulley. The Government has filed a Response (#25) to the Motion. This court has carefully reviewed the arguments presented by the parties. Following this careful and thorough review, Defendant's Motion in Limine (#23) is DENIED.

### BACKGROUND

On October 31, 2008, Defendant was charged in a criminal complaint (#1). In the affidavit attached to the complaint, Champaign Police Officer Jack B. Turner stated that he, other members of the Champaign Police Department, and the Drug Enforcement Administration initiated a crack cocaine investigation in October 2008, involving Pierre D. Blake and Defendant. Turner stated that a confidential informant provided information related to crack cocaine trafficking by Pierre Blake and Defendant. Turner recounted the facts regarding a controlled buy which occurred on October 21, 2008, involving Defendant. On November 3, 2008, Attorney Donald Parkinson was appointed to represent Defendant. On November 6, 2008, Judge Bernthal ordered that Defendant was to be detained pending trial.

On November 18, 2008, Defendant was charged by indictment (#8) with, on or about

October 21, 2008, knowingly and intentionally distributing five or more grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance. Also on November 18, 2008, Pierre Blake was charged in a four-count indictment in Case No. 08-20055. Blake was charged with knowingly and intentionally distributing crack cocaine on October 23, 2008, October 30, 2008, and October 31, 2008. Blake was also charged with, on or about October 31, 2008, knowingly possessing a firearm after having previously been convicted of a felony offense. On July 29, 2010, a superseding indictment was entered and Blake was charged with the additional offense of knowingly and intentionally distributing crack cocaine on October 21, 2008. On August 25, 2010, following a jury trial, Blake was found guilty of all five charges against him.

This case has been continued numerous times, at Defendant's request. On August 20, 2010, a status conference was held and Defendant's case was set for trial on October 4, 2010. This court set a deadline for pretrial motions of September 3, 2010. On September 3, the Government filed a Motion in Limine as to Defendant's Prior Convictions Pursuant to Rule 609 (#15). Defendant filed his Response (#16) on September 15, 2010. On September 16, 2010, this court entered an Opinion (#17). This court concluded that the Government could use only one of Defendant's prior convictions, the most recent conviction, for impeachment purposes if Defendant testifies at trial. A final pretrial conference was held on September 17, 2010. This court set an acceptance of responsibility deadline of September 27, 2010.

MOTION IN LIMINE

On September 24, 2010, Defendant filed his Objections to Exhibits and Instructions (#22). Defendant noted some errors in the jury instructions and also stated that the Government had "listed items of evidence that pertain to dates other than October 21, 2008." Defendant argued that "[a]ll

2

such evidence should be barred from this proceeding." Defendant also filed a Motion in Limine (#23). Defendant asked this court to prohibit the Government from offering evidence about any other date than the date of the alleged offense, October 21, 2008. Defendant argued that the Government had "filed a single charge and it should not be allowed to attempt to show other bad conduct to prejudice the Defendant."

On September 30, 2010, the Government filed its Response to Defendant's Motion in Limine and Objections to Exhibits and Instructions (#25). The Government stated that it agreed that some of the instructions included incorrect language and would be amended. In response to the Motion in Limine, the Government stated that it "intends to present video of surveillance of the defendant from October 23, 2008, as indicated by government exhibit 2VS." The Government argued that this evidence is relevant under Rule 401 of the Federal Rules of Evidence. The Government stated:

> 5. The government will prove that on October 21, 2008, the defendant delivered a controlled substance under the counsel of Pierre Blake and the defendant is guilty in that he aided and procured the commission of the offense. Part of that proof requires showing the relationship between Blake and the defendant.
>
> 6 The offered surveillance video is relevant, as it tends to show the existence of a relationship and therefore it is more probable that the defendant did in fact aid Blake in the commission of the offense. The evidence is also timely, as it shows their continuing relationship two days after the alleged crime.

3

The Government argued that the evidence does not pose a danger of unfair prejudice and is admissible under Rule 403 of the Federal Rules of Evidence "because it does not suggest a decision on an improper basis." The Government argued that "[c]onsideration of the ongoing relationship between the parties is necessary to the determination of the defendant's guilt."

This court presided over Pierre Blake's trial and agrees with the Government that evidence regarding the relationship between Defendant and Blake will be relevant to the charge in this case. This court further concludes that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion in Limine (#23) is DENIED:

(2) This case remains scheduled for a jury trial on October 4, 2010, at 9:00 a.m.

ENTERED this 1st day of October, 2010.

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE