UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>PARNELL GULLEY, )<br>)<br>Defendant. ) | Case No. 08-CR-20057 |

## OPINION

This case is before the court for ruling on the Government's Motion for Evidentiary Hearing on Material Breach of Conditional Direct Use Immunity Agreement (#30). This court has carefully considered the Government's Motion and the arguments of the parties presented in open court. Following this careful and thorough review, the Government's Motion (#30) is GRANTED and the Government will be allowed to introduce statements made by Defendant, Parnell Gulley, on February 2, 2009.

FACTS

In its Motion, the Government set out its version of the facts. At the hearing, the Government made a correction to its recitation of the facts and Defendant's counsel confirmed that, with the correction, the Government's factual recitation was accurate. This court therefore finds the following facts.

Defendant entered into an agreement with the Government for a conditional grant of direct use immunity. A copy of the agreement was provided by the Government. The agreement was signed by Defendant and his counsel, Donald R. Parkinson, on January 6, 2009. The agreement stated that Defendant agreed to provide complete and truthful information to law enforcement officials and, in paragraph 4, provided that "[y]our client agrees to provide <u>complete</u> and <u>truthful</u>

testimony to any grand jury, trial jury, judge, or magistrate in any proceeding in which he may be called to testify by the United States." (Emphasis in original). The agreement further stated, "*Any violation of any part of this agreement, material or immaterial, by your client will void this agreement in its entirety and will release the United States from any obligation under this agreement.*" (Emphasis in original).

Defendant met with Champaign Police Department Detectives Jack Turner and Jaceson Yandell on February 2, 2009. Defendant's counsel was present during this interview. On August 13, 2010, the Government contacted Defendant's counsel in order to arrange visitation with Defendant to prepare for his testimony in the trial of Pierre Blake, whose case was set for a jury trial on August 23, 2010. On August 17, 2010, Defendant's counsel informed the Government that Defendant wanted his case set for trial. Defendant did not testify at Pierre Blake's jury trial. On September 3, 2010, the Government informed Defendant's counsel that the Government considered Defendant's failure to continue to cooperate a violation of his conditional immunity agreement, and the statements he provided to law enforcement officers on February 2, 2009, would be used against him at trial.

ANALYSIS

Based upon these facts, the Government argued that it should be allowed to introduce the statements Defendant made on February 2, 2009, into evidence at trial. Defendant argued that the statements should not be admitted because the Government did not subpoena Defendant to testify at Pierre Blake's trial, so Defendant was not, technically, "called to testify" and did not violate that provision of the agreement.

It is true that, generally, a defendant's statements made pursuant to a proffer or cooperation agreement are inadmissible against him at trial. United States v. Mattison, 153 F.3d 406, 411 (7th

Cir. 1998). However, a cooperation agreement is a contract, and its terms are binding on the parties. Mattison, 153 F.3d at 412. Therefore, the agreement must be enforced according to its terms. United States v. Reed, 272 F.3d 950, 954 (7th Cir. 2001). In this case, the agreement itself provided that a violation of the agreement would void the agreement in its entirety and would release the Government from any obligation under the agreement. See Reed, 272 F.3d at 954.

This court concludes, based upon the facts here, that Defendant violated the agreement by, instead of agreeing to meet with the Government regarding testifying at Pierre Blake's jury trial, informing the Government that he intended to proceed to trial on the charge against him. The only reasonable inference from these facts is that, despite his agreement with the Government, Defendant decided not to cooperate and testify and, instead, decided to challenge the Government's case against him by proceeding to trial. If it is reasonable to conclude that the defendant violated the terms of his cooperation agreement, a decision to admit his statements is proper and not erroneous. See Mattison, 153 F.3d at 412; see also Reed, 272 F.3d at 954. In this case, it is reasonable to conclude that Defendant violated the terms of his cooperation agreement and his statements may be admitted into evidence by the Government.

IT IS THEREFORE ORDERED THAT:

(1) The Government's Motion for Evidentiary Hearing on Material Breach of Conditional Direct Use Immunity Agreement (#30) is GRANTED.

(2) The Government will be allowed to introduce statements made by Defendant, Parnell Gulley, on February 2, 2009.

ENTERED this 6th day of October, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE