UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08-CR-20057 |
| ) | |
| PARNELL GULLEY, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This case is before the court for ruling on the Motion to Dismiss (#44) and Motion to Suppress (#45) filed by Defendant, Parnell Gulley. The Government filed Responses (#46, #47) to the Motions on December 13, 2010. This court has carefully considered the arguments presented by the parties. Following this careful and thorough review, Defendant's Motions (#44, #45) are DENIED.

## BACKGROUND

On November 18, 2008, Defendant was charged by indictment (#8) with one count of knowingly and intentionally distributing five or more grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B). The indictment stated that the offense occurred on or about October 21, 2008. The case was continued numerous times and was finally tried before a jury on October 4, 5 and 6, 2010. On October 6, 2010, the jury reported that it was unable to reach a unanimous verdict and this court declared a mistrial. The case is currently scheduled for a final pretrial conference on January 21, 2011, at 1:30 p.m., and a jury trial on February 7, 2011, at 9:00 a.m.

PENDING MOTIONS

MOTION TO DISMISS

On November 10, 2010, Defendant filed a Motion to Dismiss (#44). Defendant argued that the charge in the indictment is insufficient on its face because it did not allege that he was being charged as an accomplice and did not allege that he aided or abetted the commission of the criminal offense. Defendant argued that the indictment should be dismissed for its failure to state an offense. Defendant did not cite to any case law authority in support of his arguments.

On December 13, 2010, the Government filed its Response to Defendant's Motion to Dismiss (#46). The Government argued that an aiding and abetting charge under 18 U.S.C. § 2 "'need not be specifically pleaded and a defendant indicted for a substantive offense can be convicted as an aider and abettor' upon a proper demonstration of proof so long as no unfair surprise results." United States v. Galiffa, 734 F.2d 306, 312 (7th Cir. 1984), quoting United States v. Tucker, 552 F.2d 202, 204 (7th Cir. 1977). The Government argued that this is because aiding and abetting under 18 U.S.C. § 2 does not create a separate offense, and all indictments are to be read to implicitly include an aiding and abetting charge. Galiffa, 734 F.2d at 312. The Government argued that Defendant was not surprised by the proof as shown by his lack of objection to the aiding and abetting instruction and proof during trial.

This court agrees with the Government's arguments. The Government is correct that a defendant indicted for a substantive offense may be convicted as an aider and abettor and even punished with the same severity as a principal. United States v. Pearson, 113 F.3d 758, 760-61 (7th Cir. 1997). Accordingly, Defendant's Motion to Dismiss (#44) is DENIED.

MOTION TO SUPPRESS

On November 10, 2010, Defendant also filed a Motion to Suppress (#45). Defendant argued that the evidence at trial, which resulted in the jury being unable to reach a verdict, showed that the alleged crack cocaine belonged to Pierre Blake and not Defendant. Defendant pointed out that the laboratory report regarding the crack cocaine stated that it belonged to Pierre Blake and further pointed out that Pierre Blake was convicted of the October 21, 2008, distribution of crack cocaine. Defendant argued that the evidence should be suppressed. Again, Defendant did not cite any authority in support of his arguments.

On December 13, 2010, the Government filed its Response to Defendant's Motion to Suppress (#47). The Government contended that Defendant's arguments are procedurally and factually incorrect for various reasons. The Government argued that, first, a motion to suppress evidence should raise the legality of the search and seizure and not whether the facts establish the defendant's guilty. The Government argued that, second, Defendant incorrectly stated the evidence at trial. The Government stated that it presented the expert testimony of Hope E. Erwin, a forensic scientist with the Illinois State Police, for the purpose of establishing that the cocaine seized was analyzed and weighed, and, in her expert opinion, was determined to be 6.8 grams of cocaine "base." The Government stated that it did not introduce the laboratory report which listed Pierre Blake as the suspect in the case. The Government pointed out that Erwin did not testify as an occurrence witness and did not testify that the cocaine "base" belonged to Blake or Defendant. The Government argued that this case is being argued under the theory that Defendant is punishable as a principal because he aided and abetted the commission of the offense. The Government argued that, therefore, it does not matter that Blake had previously been convicted because, "An offense

may be committed by more than one person." Federal Criminal Jury Instructions of the Seventh Circuit No. 5.05.

This court agrees with the Government that Defendant has not provided this court with any basis for suppressing the evidence of the crack cocaine seized in this case. Consequently, Defendant's Motion to Suppress (#45) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Dismiss (#44) and Motion to Suppress (#45) are DENIED.

(2) This case remains scheduled for a final pretrial conference on January 21, 2011, at 1:30 p.m. and a jury trial on February 7, 2011, at 9:00 a.m.

ENTERED this 15th day of December, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE